UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAVERNE G. SWITZER,

                              Plaintiff,

                                                                                 DECISION AND ORDER

                                                                                  05-CV-6325L

                 v.

JOANNE B. BARNHART,
Commissioner of Social Security,

                              Defendant.
_____

**INTRODUCTION**

      This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security ("the Commissioner") that Laverne Switzer ("plaintiff") was not disabled between June 1, 1992 and May 31, 1993, or after February 22, 1999, pursuant to Title II of the Social Security Act ("the Act"). The ALJ in this case issued a partially favorable determination, finding that plaintiff was disabled from June 1, 1993 through February 22, 1999. The ALJ found, however, that there was no evidence of a medically determinable impairment between June 1, 1992 (plaintiff's alleged onset date) and May 31, 1993. In addition, the ALJ concluded that plaintiff's disability ended on February 22, 1999, the date that plaintiff returned to full-time work.

      The Commissioner argues that substantial evidence exists to support the ALJ's conclusion that plaintiff was not disabled prior to June 1, 1993. The Commissioner concedes, however, that the ALJ failed to make a finding regarding whether plaintiff was entitled to a "trial work period" near the time that his disability ended in 1999 and he returned to work. The Commissioner, therefore, moves to remand this case for further proceedings pursuant to the fourth sentence of 42 U.S.C.

§ 405(g). Plaintiff did not file any opposition to the Commissioner's motion, nor did he cross-move for other relief.

The Commissioner's motion (Dkt. #8) is granted. I find that there is substantial evidence to support the ALJ's conclusion that plaintiff's disability did not begin until June 1, 1993. I also agree with the Commissioner that a remand is necessary to determine whether plaintiff is entitled to a "trial work period" for up to nine months.

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on September 22, 1995, alleging that he had been disabled since June 1, 1992 due to paranoid schizophrenia. (T. 92-94). His application was denied at the initial, reconsideration, administrative hearing, and Appeals Council levels. Plaintiff sought judicial review, and by Decision and Order dated April 12, 2000, the Court reversed the Commissioner's decision and remanded the case for further proceedings. *See Switzer v. Apfel*, 99-CV-6015S, Dkt. #17, reprinted at T. 269-80.

On February 22, 2001, after a supplemental hearing, the ALJ issued a partially favorable decision, which found that plaintiff was entitled to a closed period of disability benefits from June 13, 1994, through January 29, 1997. (T. 562-73). The Appeals Council granted plaintiff's request for review and by order dated June 30, 2003, remanded the case to be adjudicated by a different ALJ. (T. 583-87).

ALJ John R. Tarrant conducted a third hearing on October 21, 2003. (T. 605-27). ALJ Tarrant issued a decision on January 21, 2004, which found that plaintiff was entitled to a period of disability benefits from June 1, 1993, through February 22, 1999. However, the ALJ found that plaintiff was not disabled from June 1, 1992, though May 31, 1993, and after February 22, 1999, when plaintiff returned to substantial gainful activity. (T. 256-66). The ALJ's decision became the Commissioner's final decision on April 19, 2005, when the Appeals Council denied plaintiff's request for review. (T. 251-53). This action followed.

**DISCUSSION**

The Commissioner's decision that plaintiff is entitled to a limited period of disability must be affirmed if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force[,]" this Court cannot substitute its own judgment for that of the Commissioner. *Veino*, 312 F.3d at 586.

Such a deferential standard, however, is not applied to the Commissioner's conclusions of law. *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984); *accord Tejada*, 167 F.3d at 773. This Court must independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court is to first review the legal standards applied, and then, if the standards were correctly applied, consider the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987); *see also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998)("'Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles.'")(quoting *Johnson*, 817 F.2d at 986).

*June 1, 1992 through May 31, 1993*

The first issue in this case concerns the ALJ's determination that plaintiff was not disabled prior to June 1, 1993. According to the ALJ, plaintiff failed to produce sufficient medical evidence

that he suffered from a severe medically determinable impairment between June 1, 1992 and May 31, 1993.  The record supports this part of the ALJ's decision.

Under the Social Security Act ("the Act"), a person is considered disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §§ 423(d)(1)(A).  To determine whether a person is disabled within the meaning of the Act, the ALJ proceeds through a five-step sequential evaluation.  *Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir.1999).  Plaintiff has the burden of proving that he has a severe medically determinable physical or mental impairment which significantly limits his physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1512(a); 404.1520(c).  The impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.  A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [plaintiff's] statement of symptoms." 20 C.F.R. § 404.1508.

Applying these legal principles, the ALJ determined that the "medical evidence fails to document even one severe medically determinable impairment affecting the claimant's ability to engage in work activity during the period June 1, 1992 and June 1, 1993, when Dr. [Faiz] Khan began evaluating and treatment (sic) of the claimant." (T. 261). The evidence in the record is consistent with this conclusion.  Plaintiff was evaluated by the Steuben County Community Mental Health Center in the summer of 1993 and was found to have "a personality pathology." (T. 18). Plaintiff's treating psychiatrist, Dr. Khan, began treating plaintiff on June 1, 1993, when he was incarcerated for a brief period at the Steuben County Jail.  Ultimately, Dr. Khan diagnosed plaintiff with chronic schizophrenia, undifferentiated, and opined that plaintiff was not able to work because of the limitations caused by the disorder, including paranoia, poor insight and judgment, and a withdrawn and uncooperative personality. (T.556-57).

Although there are isolated references in Dr. Khan's medical records that plaintiff does have "a history of psychiatric problems" that could date as far back as 1986 (T. 176; 382), "the details [were] not available" to Dr. Khan. (T. 176). There is no information in the record regarding the nature, severity, or resulting limitations of any medically determinable mental impairment prior to June 1, 1993. It does not appear that plaintiff received any treatment for a mental impairment prior to June 1993. Accordingly, the ALJ's conclusion that plaintiff was disabled under the Act beginning on June 1, 1993, and not earlier, is supported by substantial evidence.

As of June 1, 1993, the record also supports the ALJ's conclusion that plaintiff remained disabled within the meaning of the Act through at least February 1999. The record shows that plaintiff received treatment and counseling through the Steuben County Community Mental Health Center from 1994 though the year 2000. At first, plaintiff refused to take prescribed medications based on his fear of the medication and his lack of mental capacity to understand or appreciate the treatment program for his schizophrenia. (T. 202-203; 556-57). Eventually, though participation in a day treatment program and further counseling, plaintiff agreed to take psychotropic medication, and his condition and the resulting disabling limitations slowly improved. (T. 202-203; 307-99; 556-57). By 1999, his condition had stabilized with medication, and he was "in remission." (T. 311). In February 1999, after receiving assistance from the Office of Vocational and Educational Services for Individuals with Disabilities, plaintiff returned to full-time work, and appears to have been employed full-time in some capacity ever since. (T. 616-20).

*Trial Work Period*

As for that portion of the ALJ's decision that pertained to when plaintiff's disability ended, I find that there is error. I agree with the Commissioner that the ALJ failed to apply the correct legal principles when determining that plaintiff was no longer entitled to benefits because his disability

ended the day he returned to work, on February 22, 1999. A remand, therefore, is necessary regarding this narrow issue.

Generally, a person found to be disabled under the Act is entitled to a "trial work period" of nine months during which time he may test his ability to work and still be considered disabled and entitled to benefits. 20 C.F.R. § 404.1592(a). A trial work period may end before the conclusion of nine months if there is evidence, *other than evidence relating to any work plaintiff did during the trial work period*, that shows that the person is no longer disabled (*i.e.* there is medical improvement). *See* 20 C.F.R. § 404.1592(e).

Here, it is unclear from the ALJ's decision whether he found that plaintiff's disability ended in February 1999 because there was medical improvement to plaintiff's schizophrenia based on evidence regarding the nature and severity of plaintiff's condition, or whether that finding was based solely on the fact that plaintiff returned to work in February 1999. (T. 264). A remand, therefore, is required so that the ALJ can make a determination regarding plaintiff's entitlement to a trial work period and can clarify his findings regarding when and why plaintiff's disability ended. *See, e.g., Flowers v. Barnhart*, 352 F.Supp.2d 962 (D.Neb.2004) (remanding case to Commissioner for determination regarding claimant's eligibility for a trial work period); *see also Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir.1999); *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir.1996) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir.1980)) (where more fact-finding is necessary, a remand to the Commissioner for further development of the evidence is required).

## CONCLUSION

The Commissioner's motion (Dkt. #8) to remand this case pursuant to sentence four of 42 U.S.C. § 405(g) is granted. The final decision of the Commissioner is affirmed in part, and reversed

in part, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this opinion.

    IT IS SO ORDERED.

                                          _____
                                             DAVID G. LARIMER
                                          United States District Judge

Dated: Rochester, New York
       May 16, 2006.